# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50019

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR ARMANDO AVILA-JAIMES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-437

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2020

Lyle W. Cayce
Clerk

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Oscar Armando Avila-Jaimes, federal prisoner # 44428-380, moves for a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence for possession with intent to distribute cocaine and one count of money laundering. He argues that trial counsel was ineffective for failing to advise him that he could not contest his guilt if he pleaded guilty and for misleading him. He also asserts that counsel was ineffective in failing to challenge the evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presented at sentencing.  He also argues that he was entitled to an evidentiary hearing.  Avila-Jaimes does not renew his claims alleging ineffective assistance for failing to conduct an investigation and that his sentence was unconstitutional under the Eighth Amendment.  Accordingly, these issues are abandoned.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

In order to obtain a COA, Avila-Jaimes must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Where the district court denies relief on the merits, an applicant must show that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.  An applicant satisfies the COA standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Avila-Jaimes has not met this standard.  His motion for a COA is denied.

We construe his motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm.

COA DENIED; AFFIRMED.